United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Firoza Van Horn,

    Defendant.
_____/

Hon. Arthur J. Tarnow

Case No. 21-cr-20382

# Plea Agreement

The United States of America and the defendant, Firoza Van Horn, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will waive her right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Conspiracy to Procure Naturalization Contrary to Law under 18 U.S.C. §§ 371, 1425(a).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 1-3 years |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct alleged and charged in the Amended Complaint in this case, ECF No. 5.

## 4. Elements

The elements of Count 1 are:

1. Two or more persons conspired to commit the crime of procuring naturalization for any person contrary to law, a violation of 18 U.S.C. § 1425(a),

2. The defendant knowingly and voluntarily joined the conspiracy, and

3. A member of the conspiracy performed an overt act for the purpose of advancing or helping the conspiracy.

**5.   Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning no later than on or about January 1, 2020 and continuing until on or about November 17, 2020, the defendant, Firoza Van Horn, a licensed clinical psychologist, knowingly and voluntarily conspired and agreed with Muhammad Awaisi, naturalization applicants, and others to procure the naturalization of noncitizens contrary to law.

The defendant, Firoza Van Horn, and other co-conspirators committed the following overt acts, among others, in furtherance of the conspiracy: On or about July 7, 2020, in the Eastern District of Michigan, Firoza Van Horn signed Form N-648 (Medical Certification for Disability), a form promulgated by U.S. Citizenship and

Immigration Services, with respect to Individual-1, in which she did willfully and knowingly state a fraudulent and false diagnosis for Individual-1, to wit: Major Depressive Disorder (Severe). On or about July 20, 2020, in the Eastern District of Michigan, the defendant did signed Form N-648 (Medical Certification for Disability) with respect to Individual-2, in which she did willfully and knowingly state a fraudulent and false diagnosis for Individual-2, to wit: Neurocognitive Disorder Due to a Traumatic Brain Injury. In or around July 2020, Firoza Van Horn coached Individual-1 on how to act in the naturalization interview, consistent with her fraudulent and false diagnosis. The purpose of the false diagnoses was to allow Individual-1 and Individual-2 to naturalize and acquire United States citizenship without meeting the statutory requirements for such naturalization.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with her attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

  B. The right to a speedy and public trial by jury;

  C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

  D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

  E. The right to confront and cross-examine adverse witnesses at trial;

  F. The right to testify or not to testify at trial, whichever the defendant chooses;

  G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

  H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

  I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

  The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant

understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields.

The defendant understands that her ability to practice psychology, including in relation to a matter before USCIS, may be restricted. The defendant agrees that she will not contest, challenge, obstruct, hinder, or appeal, in any forum or venue or venue, any action, formal or informal, by USCIS to debar or otherwise prohibit the defendant from practicing psychology in relation to any matter before USCIS, and hereby waives any and all rights she has to do so. Further, following her plea in this matter, the defendant agrees that she will inform the issuing authority, and, if different, the disciplinary authority with respect to any professional license she holds relating to the practice of

psychology, of her plea in this case and provide proof of the same to the United States prior to sentencing.

The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

8. **Defendant's Guideline Range**

    A. **Court's Determination**

    The Court will determine the defendant's guideline range at sentencing.

    B. **Acceptance of Responsibility**

    The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level

reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense(s) to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply: USSG §§ 2X1.1(a)(2) (conspiracies), 2L2.1 (a) (false statement in respect to the citizenship or immigration status of another), and 2L2.1(b)(2)(C) (offenses that involve 100 or more documents).

### D.     Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

In furtherance of the conspiracy to procure the naturalization of any person contrary to law charged in Count I of the Information, the defendant executed a Form N-648 (Medical Certification for Disability Exception) on at least 100 separate occasions, on which forms the defendant knowingly and willfully attested under the penalty of perjury to performing various clinical tests and methods in support of psychological diagnoses when she well knew she had not performed such clinical tests and methods. Not performing clinical tests and methods during USCIS-related examinations, contrary to what she stated on the N-648 forms, accurately describes the defendant's role with respect to at least a majority of the more than 1,200 N-648 forms completed by the defendant and filed with USCIS between April 1, 2016 until the disruption of the conspiracy on or about November 17, 2020. In the ordinary course, the defendant would receive a cash payment of

$500 from the naturalization applicant in exchange for the completion of a fraudulent Form N-648 (Medical Certification of Disability).

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to and recommend that the Court impose a special condition of any term of supervised release that may be ordered: that the defendant, a licensed psychologist, will not practice psychology in relation to any matter before USCIS during the period of supervised release. If probation is ordered, the parties agree to and recommend the same condition.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the

defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The parties agree that restitution is not applicable in this case.

### F. Forfeiture

Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), without contest, any and all right, title, and interest, she may possess in any property, real or personal, that constitutes or is derived from or traceable to the proceeds obtained directly or indirectly from, or involved in the commission of defendant's violation of the offense charged in Count 1 of the Information, 18 U.S.C. § 371 - Conspiracy to Procure Naturalization Contrary to Law, and any relevant conduct. Forfeiture includes, but is not limited to, the forfeiture of defendant's interest to the United States in the following property:

- $46,393.01 in U.S. Currency seized from the defendant on or about November 17, 2020
- Computers and electronic devices involved in the offense

<u>Forfeiture Money Judgment</u>: Defendant also agrees to the entry of a forfeiture money judgment against her in favor of the United States in the amount of $300,000.00, representing the value of property that constitutes, or is derived from or is traceable to the proceeds obtained, directly or indirectly, by the defendant as a result of the offense described in Count 1 of the Information and any relevant conduct.

Defendant agrees that she will make a good faith effort to satisfy the forfeiture money judgment by delivering to the United States a certified check, payable to the "United States Marshals Service" in the amount of $253,606.99 within thirty (30) days of the defendant's plea in this case, or in the event Defendant does not have sufficient funds to do so, as soon thereafter as such funds become reasonably available to Defendant. If the court has not entered the forfeiture money judgment at that time, the check will be held in escrow by the United States Marshals Service pending entry of the forfeiture money judgment.

Defendant also agrees that the forfeiture money judgment may be satisfied, to whatever extend possible, from any property owned or under the control of the defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The Forfeiture Money Judgment shall be reduced by the net amount of proceeds ultimately forfeited to the United States.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the property subject to forfeiture, including the Court's prompt entry of a Preliminary Order of Forfeiture as to the property subject to forfeiture, following defendant's guilty plea, upon application by the United States at, or any time before, her sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the Government.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court,

the defendant also waives any right she may have to appeal her sentence on any grounds.

11. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 4:00 p.m. on June 11, 2021. The

government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin

_____  _____
Michael Martin              Jonathan Goulding
Chief, National Security Unit   Assistant United States
Assistant United States     Attorney
Attorney

Dated: 07/21/2021

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____  _____
Gerry J. Gleeson, II        Firoza Van Horn
Attorney for Defendant      Defendant

Dated: July 15, 2021